**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

THE CINCINNATI
INSURANCE COMPANY,

Plaintiff,

v. Case No: 8:26-cv-2298-TPB-LSG

MONOGRAM BUILDERS, INC., et al.,

Defendants.
_____________________________________/

## ORDER GRANTING MOTIONS TO DISMISS

This matter is before the Court on "Admiral Insurance Company's Motion to Dismiss Complaint with Prejudice" (Doc. 8) and "FCCI Insurance Company's Motion to Dismiss Complaint with Prejudice" (Doc. 9), both filed on August 17, 2026. Plaintiff The Cincinnati Insurance Company filed responses in opposition on September 25, 2026. (Docs. 29; 30). After reviewing the motions, responses, court file, and record, the Court finds as follows:

## Background

This insurance coverage dispute arises from alleged defects in the construction of a Florida home. In 2009, James and Joyce Gills hired Monogram Builders, Inc., to construct a single-family residence in Clearwater Beach. The home received a certificate of occupancy in December 2014. In the years that followed, the Gills noted numerous construction defects, including water intrusion

associated with precast stone installed at the home and corrosion of its copper plumbing system. The Gills ultimately sued Monogram in state court in 2017.

As is typically the case in most construction projects, Monogram did not perform all the work itself. Cincinnati alleges that Monogram retained several subcontractors, including Stonecrafters Architectural Precast Stone, Inc., to install exterior architectural precast stone and R. Carr, Inc., to perform plumbing work. Cincinnati alleges that the defects identified by the Gills implicate the work performed by both subcontractors. Monogram tendered the claims to Stonecrafters in 2019 and to R. Carr in 2020, requesting defense and indemnity.

That brings the insurers into the picture. Plaintiff The Cincinnati Insurance Company issued commercial general liability policies to Monogram and has provided, and continues to provide, Monogram with a defense against the Gills' claims. Defendant FCCI Insurance Company issued commercial general liability policies to Stonecrafters, and Defendant Admiral Insurance Company issued a commercial general liability policy to R. Carr. Cincinnati contends that Monogram qualifies as an additional insured under those policies and that the coverage provided by FCCI and Admiral is primary, while Cincinnati's coverage is excess. Cincinnati therefore seeks declarations concerning the parties' respective coverage obligations and reimbursement for legal expenses, costs, and indemnity payments it has made on Monogram's behalf.

On June 18, 2026, Cincinnati filed this action in the Circuit Court for the Sixth Judicial Circuit in and for Pinellas County, Florida. Admiral removed the action to this Court on August 7, 2026, based on diversity jurisdiction. (Doc. 1).

Cincinnati names as Defendants Monogram, three of its subcontractors, and four insurers, although it seeks relief only against the insurers. As relevant here, Count III seeks declaratory relief against FCCI concerning Monogram's alleged status as an additional insured under the policies FCCI issued to Stonecrafters, and Count IV seeks equitable subrogation for amounts Cincinnati has paid on Monogram's behalf. Counts VII and VIII assert corresponding claims for declaratory relief and equitable subrogation against Admiral based on the policy Admiral issued to R. Carr.

On August 17, 2026, FCCI and Admiral moved to dismiss the claims against them with prejudice. (Docs. 8; 9). Cincinnati filed responses in opposition to the motions on September 25, 2026. (Docs. 29; 30).

## **Legal Standard**

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). While Rule 8(a) does not demand "detailed factual allegations," it does require "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In order to survive a motion to dismiss, factual allegations must be sufficient "to state a claim to relief that is plausible on its face." *Id.* at 570.

When considering the sufficiency of a complaint, review is generally limited to the four corners of the complaint. *Rickman v. Precisionaire, Inc.*, 902 F. Supp. 232, 233 (M.D. Fla. 1995). Furthermore, when reviewing a complaint for facial sufficiency, a court "must accept [a] [p]laintiff's well pleaded facts as true, and

construe the [c]omplaint in the light most favorable to the [p]laintiff." *Id.* (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). "[A] motion to dismiss should concern only the complaint's legal sufficiency, and is not a procedure for resolving factual questions or addressing the merits of the case." *Am. Int'l Specialty Lines Ins. Co. v. Mosaic Fertilizer, LLC*, 8:09-cv-1264-T-26TGW, 2009 WL 10671157, at *2 (M.D. Fla. Oct. 9, 2009) (Lazzara, J.).

Insurance coverage disputes may be resolved at the motion to dismiss stage when "a review of the insurance policy and the underlying claim for which coverage is sought unambiguously reveals that the underlying claim is not covered." *Goldberg v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 143 F. Supp. 3d 1283, 1291 (S.D. Fla. 2015). Indeed, where the essential facts are undisputed, a court may interpret an insurance policy and determine whether coverage exists as a matter of law. *See Trailer Bridge, Inc. v. Ill. Nat'l Ins. Co.*, 657 F.3d 1135, 1141 (11th Cir. 2011); *Safeway, Inc. v. James River Ins. Co.*, No. 6:22-cv-132-PGB-DCI, 2022 WL 1152797, at *2-3 (M.D. Fla. Apr. 13, 2022).

**Analysis**

The motions present a similar question: whether the claims asserted against Monogram in the Gills' lawsuit implicate additional-insured coverage under policies issued to Monogram's subcontractors. Whether Monogram qualifies as an additional insured, and the extent of any coverage afforded in that capacity, depends on the language of the applicable policies and additional-insured endorsements. Under Florida law, insurance contracts are construed according to their plain language. *See Auto–Owners Ins. Co. v. Anderson,* 756 So. 2d 29, 34

(Fla.2000); *Prudential Prop. & Cas. Ins. Co. v. Swindal,* 622 So. 2d 467, 470 (Fla.1993). If policy language is clear and unambiguous, it must be enforced as written. *See Swire Pac. Holdings, Inc. v. Zurich Ins. Co.*, 845 So. 2d 161, 165 (Fla. 2003). A party claiming insured status bears the burden of establishing that it qualifies as an insured under the policy. *See E.S.Y., Inc. v. Scottsdale Ins. Co.*, 139 F. Supp. 3d 1341, 1351 (S.D. Fla. 2015).

***FCCI***

FCCI issued commercial general liability policies to Stonecrafters. The relevant additional-insured endorsement extends coverage to Monogram only with respect to Stonecrafters's negligent actions that cause liability to be imposed upon Monogram "without fault on the part of" Monogram as a result of Stonecrafters's work. The endorsement therefore does not generally insure Monogram against liability associated with Stonecrafters's work. Rather, it requires liability imposed upon Monogram without Monogram's own fault as a result of Stonecrafters's negligence. In other words, the endorsement provides coverage for Monogram's vicarious liability arising from Stonecrafters's negligence.

Florida law does not permit liability to be imposed upon a defendant under an unpleaded theory of vicarious liability. *See Goldschmidt v. Holman*, 571 So. 2d 422, 423 (Fla. 1990); *Gen. Asphalt Co. v. Bob's Barricades, Inc.*, 22 So. 3d 697, 699 (Fla. 3d DCA 2009). Courts applying Florida law have consequently held that additional-insured provisions limited to liability resulting from the conduct of the named insured do not provide coverage where the underlying complaint alleges only direct liability against the purported additional insured. *See Amerisure Ins. Co. v.*

*Seneca Specialty Ins. Co.*, No. 19-61321-CIV, 2020 WL 3317035, at *5-9 (S.D. Fla. June 18, 2020); *Community Asphalt Corp. v. Travelers Indem. Co. of Am.*, No. 16-21758-CIV, 2017 WL 4712199, at *10 (S.D. Fla. Apr. 26, 2017).

The Gills' underlying complaint does not assert a claim seeking to impose vicarious liability upon Monogram for Stonecrafters's negligence. The Gills allege that Monogram had a duty to "supervise and coordinate the work of its employees, subcontractors and suppliers." But that allegation seeks to impose liability based upon Monogram's own alleged failure to properly supervise and coordinate its subcontractors, not vicarious liability for Stonecrafters's negligence imposed upon Monogram without fault on the part of Monogram. The remaining claims against Monogram similarly seek to impose liability based on Monogram's own contractual obligations, warranties, construction work, and alleged Building Code violations.

Cincinnati argues in response that the endorsement does not require a separately pleaded claim for vicarious liability and that, under Florida law, a general contractor may be liable for the negligence of its subcontractors based on a nondelegable duty owed to the property owner. But the issue is not whether Florida law recognizes circumstances in which a general contractor may incur liability without fault for the conduct of a subcontractor. The question is whether the claims asserted against Monogram in the underlying action seek to impose such liability. They do not. As explained above, the Gills seek to hold Monogram liable based on its own alleged breaches of contractual and legal duties, including its alleged failure to supervise and coordinate its subcontractors. Cincinnati's characterization of

those claims as potentially imposing liability upon Monogram for Stonecrafters's negligence cannot alter the claims actually asserted in the underlying action.

Cincinnati also attempts to distinguish *Garcia* and several of FCCI's other authorities because those cases construed endorsements using the phrases "because of" or "caused in whole or in part by," rather than the phrase "as a result of" used in FCCI's endorsement. That distinction does not alter the result. The FCCI endorsement does not merely require liability arising "as a result of" Stonecrafters's work; it expressly provides coverage only where Stonecrafters's negligent actions cause liability to be imposed upon Monogram "without fault on the part of" Monogram. The claims asserted by the Gills against Monogram based on Monogram's own alleged conduct and obligations do not satisfy that requirement.

Count IV fails for the same reason. Cincinnati's equitable subrogation claim is premised on FCCI having a coverage obligation to Monogram under the Stonecrafters policies. Because the Gills' claims do not trigger Monogram's additional-insured coverage under those policies, Cincinnati cannot recover from FCCI through equitable subrogation.

Counts III and IV therefore fail to state claims for relief against FCCI and are dismissed with prejudice. Amendment would be futile because Cincinnati cannot amend its complaint in this case to alter the claims asserted against Monogram in the underlying state court action. *See Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007).

***Admiral***

Admiral issued a commercial general liability policy to R. Carr. The policy's additional-insured endorsement provides coverage to Monogram only with respect to liability for property damage "caused, in whole or in part, by" R. Carr's acts or omissions, or the acts or omissions of those acting on R. Carr's behalf, in performing operations for Monogram.

In *Garcia v. Federal Insurance Co.*, the Florida Supreme Court construed an additional-insured endorsement extending coverage for liability "because of" acts or omissions of the named insured and concluded that it "covers only an additional insured's vicarious liability for the negligent acts or omissions of the named insured." 969 So. 2d 288, 293-94 (Fla. 2007). Courts applying Florida law have likewise held that additional-insured coverage is not triggered where the underlying complaint alleges only the purported additional insured's own conduct and does not implicate the named insured's acts or omissions. *See Amerisure Ins. Co. v. Seneca Specialty Ins. Co.*, No. 19-61321-CIV, 2020 WL 3317035, at *7-9 (S.D. Fla. June 18, 2020); *Cincinnati Specialty Underwriters Ins. Co. v. KNS Grp., LLC*, 561 F. Supp. 3d 1298, 1315-16 (S.D. Fla. 2021), *aff'd*, No. 21-13628, 2022 WL 5238711 (11th Cir. Oct. 6, 2022); *Safeway,* 2022 WL 1152797, at *3-4.

Cincinnati correctly notes that *Mid-Continent Cas. Co. v. Royal Crane, LLC*, 169 So. 3d 174 (Fla. 4th DCA 2015), rejected the proposition that "caused, in whole or in part" language necessarily limits coverage to pure vicarious liability. *Id.* at 183. But *Royal Crane* does not eliminate the requirement that the underlying pleading allege that the named insured caused at least some part of the injury or

damage. Indeed, despite construing the policy to permit coverage for shared liability, the court held that no duty to defend existed because the underlying pleading did not assert a legal theory under which the named insured could be said to have caused the injury, describe how the named insured contributed to the accident, or otherwise allege that the injury was caused by the named insured or someone acting on its behalf. *Id.* at 183-84.

The same problem exists here. Although the Gills allege defects involving plumbing work performed during construction, their claims against Monogram do not allege that R. Carr committed any negligent act or omission that caused the alleged property damage. Nor do they seek to impose liability upon Monogram based upon any act or omission of R. Carr. Instead, the claims seek to impose liability based upon Monogram's own conduct and obligations. The mere fact that R. Carr performed plumbing work implicated by the alleged defects does not demonstrate that the property damage was "caused, in whole or in part," by R. Carr's acts or omissions. Cincinnati therefore has not plausibly alleged that the Gills' claims trigger Monogram's additional-insured coverage under the Admiral policy.

Count VII therefore fails to state a claim for declaratory relief against Admiral. Because Cincinnati's equitable subrogation claim in Count VIII likewise depends upon Monogram possessing coverage rights under Admiral's policy, Count VIII also fails. As with the claims against FCCI, amendment would be futile because Cincinnati cannot amend its complaint in this action to alter the claims

asserted against Monogram in the underlying state court action. Accordingly, Counts VII and VIII are dismissed with prejudice.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED:**

1. "Admiral Insurance Company's Motion to Dismiss Complaint with Prejudice" (Doc. 8) is **GRANTED**.
2. "FCCI Insurance Company's Motion to Dismiss Complaint with Prejudice" (Doc. 9) is **GRANTED**.
3. Counts III and IV are **DISMISSED WITH PREJUDICE**.
4. Counts VII and VIII are **DISMISSED WITH PREJUDICE**.
5. The Clerk is directed to terminate Defendants FCCI Insurance Company and Admiral Insurance Company as parties to this action.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 20th day of October, 2026.

TOM BARBER
UNITED STATES DISTRICT JUDGE